## LAFAYETTE J. BROWN v. ABEL SPENCE.

Argued December 3, 1909—Decided January 31, 1910.

In construing the effect of certain language contained in a charge of the trial court upon the minds of the jury, this court will consider the charge *in toto* and not the isolated phrase or sentence complained of, and give effect to the charge as an entirety.

---

On appeal from Atlantic City District Court.

Before Justices REED, BERGEN and MINTURN.

For the appellant, *Edmund C. Gaskill, Jr.*, and *Ulysses G. Styron.*

For the appellee, *Clifton C. Shinn.*

The opinion of the court was delivered by

MINTURN, J. The suit is to recover a balance due upon a building contract and for extra work for the construction and superintendence of a house at Atlantic City.

Defendant denies performance and attempted to recoup alleged damages arising, as he claimed, from plaintiff's non-performance of the contract.

The case was submitted to the jury upon a charge which contains this language, which forms the basis for the only exception that the appellant now urges as a ground for reversal of the plaintiff's judgment, viz.:

"If he has not completed his contract substantially, of course, he would not be entitled to the money. But in this case, he has completed his contract in so far as the work is concerned, with certain exceptions, which you have heard."

The language of this excerpt, and its effect upon the mind of the jury, must be considered with reference to the charge *in toto,* and not as an isolated expression of opinion upon which they must base their conclusion. *Sullivan* v. *N. H. R. R. Co.,* 22 *Vroom* 518; *Redhing* v. *Central Railroad,* 39 *Id.* 641.

In addition, it was a reference to a fact, and throughout the charge the court had clearly defined the issue as one of performance or non-performance, and the jury cannot be said to have been misled by it. The testimony in the case was ample to enable the jury to conclude that this contract had been performed excepting in some details, for which the defendant had filed a claim of recoupment, which undoubtedly furnished the basis for the reference of the court, when it qualified its assertion regarding completion, with the statement, "with certain exceptions which you have heard."

The *ratio decidendi,* in *Crosby* v. *Wells,* 44 *Vroom* 811, rested upon the inquiry whether the jury would have been misled to the injury of the party complaining by the language of the court, and in this case we think it clear, in view of the context, that they could not have been misled by the charge as an entirety.

The judgment will be affirmed.